

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

\_\_\_ FILED \_\_\_ ENTERED
\_\_\_ LOGGED \_\_\_ RECEIVED

NOV 2 6 2008

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

| | |
|---|---|
| UNITED STATES OF AMERICA | )<br>) |
| v. | ) Criminal No. WMN-07-0570<br>) |
| AEROCONTROL, LTD | ) Dated: October \_\_, 2008<br>) |
| Defendant. | ) Violations: 18 U.S.C. § 371<br>) 18 U.S.C. § 1343, 1346, 1349<br>) 18 U.S.C. § 1832 |

## PLEA AGREEMENT

The United States of America and Aerocontrol, Ltd., (hereinafter "defendant"), a corporation organized and existing under the laws of the Isle of Man, a self-governing dependency of the United Kingdom, hereby enter into the following Plea Agreement pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P."):

## RIGHTS OF DEFENDANT

1. The defendant understands its rights:

    (a) to be represented by an attorney;

    (b) to be charged by Indictment;

    (c) to plead not guilty to any criminal charge brought against it;

    (d) to have a trial by jury, at which it would be presumed not guilty of the charges and the United States would have to prove every essential element of the charged offenses beyond a reasonable doubt for it to be found guilty;

    (e) to confront and cross-examine witnesses against it and to subpoena

witnesses in its defense at trial;

(f) to appeal its conviction if it is found guilty; and

(g) to appeal the imposition of sentence against it.

## AGREEMENT TO PLEAD GUILTY AND WAIVE CERTAIN RIGHTS

2. The defendant knowingly and voluntarily waives the rights set out in paragraph 1(b)-(g) above, including all jurisdictional defenses to the prosecution of this case, and agrees voluntarily to consent to the jurisdiction of the United States to prosecute this case against it in the United States District Court for the District of Maryland. The defendant also knowingly and voluntarily waives the right to file any appeal, including but not limited to an appeal under 18 U.S.C. § 3742, unless the sentence imposed by the Court is above an Offense Level 27, in which case defendant's appeal will be expressly limited to contesting the portion of the sentence above an Offense Level 27. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b). The defendant will plead guilty to the three-count Indictment filed in the United States District Court for the District of Maryland on December 5, 2007, charging the defendant with conspiracy to defraud the United States, in violation of Title 18, United States Code, Section 371; conspiracy to commit wire fraud, to wit, to defraud Kropp Holdings, Inc., d/b/a Avcard (hereinafter "Avcard"), a Maryland company, of its confidential business information by materially false and fraudulent pretenses, representations and promises and to defraud Avcard of the intangible right of the honest services of its employee, Matthew Bittenbender, by materially false and fraudulent pretenses, representations and promises in violation of Title 18, United States Code, Section 1349; and conspiracy to steal trade secrets in

2

violation of Title 18, United States Code, Section 1832(a)(5). The elements of these offenses to which the defendant has agreed to plead guilty, and which the United States would prove if the case went to trial are as follows. As to 18 U.S.C. § 371: (1) the existence of an agreement; (2) an overt act by one of the conspirators in furtherance of the objects of the conspiracy; and (3) an intent on the part of the conspirators to agree to impair and impede a lawful government function. As to 18 U.S.C. § 1349: (1) that defendant conspired to commit wire fraud in violation of 18 U.S.C. § 1343 and 18 U.S.C. §§ 1343, 1346 by (i) devising a scheme and artifice to defraud by materially false and fraudulent pretenses, representations and promises and (ii) using the interstate and foreign wires for the purpose of executing such a scheme. As to 18 U.S.C. § 1832(a)(5): (1) that defendant conspired with one or more persons to knowingly steal and without authorization appropriate, take, and carry away a trade secret and knowingly receive, buy, and possess a stolen trade secret (i) with intent to convert the trade secret, which was related to a product placed in interstate and foreign commerce; (ii) to the economic benefit of anyone other than its owner; (iii) intending and knowing that the offense will injure the owner of the trade secret; and (2) one of the participants took an overt act in furtherance of the objects of the conspiracy. Defendant understands the elements of these offenses, admits that it is guilty of these offenses, and will so advise the Court.

3. The defendant, pursuant to the terms of this Plea Agreement, will plead guilty to the criminal charge described in Paragraph 2 above and will make a factual admission of guilt to the Court in accordance with Fed. R. Crim. P. 11, as set forth in Paragraph 4 below. The defendant agrees those facts establish its guilt beyond a reasonable doubt.

3

## FACTUAL BASIS FOR OFFENSES CHARGED

4. The defendant knowingly, voluntarily, and truthfully admits as fact the allegations contained in the Indictment of December 5, 2007, which are incorporated herein by reference.

## POSSIBLE MAXIMUM SENTENCE

5. The defendant understands that the statutory maximum penalty which may be imposed against it upon conviction for a violation of 18 U.S.C. § 371 is:

(a) a fine in an amount equal to the greatest of (1) $500,000; or (2) twice the gross pecuniary gain the conspirators derived from the crime; or (3) twice the gross pecuniary loss caused to the victims of the crime by the conspirators.

6. The defendant also understands that the statutory maximum penalty which may be imposed against it upon conviction for a violation of 18 U.S.C. § 1349 is:

(a) a fine in an amount equal to the greatest of (1) $500,000; or (2) twice the gross pecuniary gain the conspirators derived from the crime; or (3) twice the gross pecuniary loss caused to the victims of the crime by the conspirators.

7. The defendant further understands that the statutory maximum penalty which may be imposed against it upon conviction for a violation of 18 U.S.C. § 1832 is:

(a) a fine in an amount equal to the greatest of (1) $5,000,000; or (2) twice the gross pecuniary gain the conspirators derived from the crime; or (3) twice the gross pecuniary loss caused to the victims of the crime by the conspirators; and

8. In addition, the defendant understands that:

(a) pursuant to 18 U.S.C. § 3561(c)(1), the Court may impose a term of probation of at least one year, but not more than five years;

(b) pursuant to § 5E1.1 of the United States Sentencing Guidelines ("U.S.S.G.," "Sentencing Guidelines," or "Guidelines") and 18 U.S.C. § 3663A, the Court shall order it to pay restitution to the victims of the offense; and

(c) pursuant to 18 U.S.C. § 3013(a)(2)(B), the Court shall order the defendant to pay a special assessment of $400 upon conviction for each charged crime.

## SENTENCING GUIDELINES

9. Defendant understands that the Sentencing Guidelines are advisory, not mandatory, and that the Court must consider the Guidelines in effect on the day of sentencing, along with the other factors set forth in 18 U.S.C. § 3553(a), in determining its sentence. Defendant understands that the Guidelines determinations will be made by the Court by a preponderance of the evidence standard. Defendant understands that although the Court is not ultimately bound to impose a sentence within the applicable Guidelines range, its sentence must be reasonable based upon consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant agrees that this Plea Agreement, along with the record that will be created by the United States and defendant at the plea and sentencing hearings, will provide sufficient information about the defendant, the crimes charged, and defendant's role in the crimes to enable the meaningful exercise of the Court's sentencing authority under 18 U.S.C. § 3553.

## SENTENCING AGREEMENT

10. The United States and the defendant understand, agree and stipulate to the following applicable Sentencing Guidelines considerations and factors:

(a) The November 1, 2007 edition of the Guidelines applies;

(b) Counts 1, 2, and 3 group pursuant to U.S.S.G. §§ 8C2.3(b), 3D1.2(d), and

5

the controlling Guideline applicable to Counts 1, 2, and 3 is U.S.S.G. § 2B1.1;

(c)  Pursuant to the Guidelines § 2B1.1(a)(1), the base offense level is 7;

(d)  A substantial part of the fraudulent scheme was committed from outside the United States, and therefore, a two-level increase is appropriate pursuant to U.S.S.G. § 2B1.1(b)(9)(B);

(e)  The parties agree to contest the amount of loss intended or occasioned by this conduct, and thus leave to the judgment of the Court the appropriate Guidelines-level increase under U.S.S.G. § 2B1.1(b)(1). The United States agrees, however, that it will not argue that the loss results in more than an eighteen-level increase pursuant to U.S.S.G. § 2B1.1(b)(1)(J).

(f)  Defendant's organizational culpability score is 4, calculated as a baseline of 5 points, minus 1 point for acceptance of responsibility, U.S.S.G. § 8C2.5, and thus, defendant's applicable minimum fine multiplier is 0.80 and its maximum fine multiplier is 1.60. U.S.S.G. § 8C2.6.

(g)  The United States and the defendant agree that with respect to the calculation of the advisory Guidelines range, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments as set forth in Chapters 2, 3, or 8 of the Guidelines will be raised, argued, or are in dispute.

(h)  The defendant is free, however, to ask the Court to consider the factors set forth in 18 U.S.C. 3553(a) in determining and imposing sentence. The defendant understands that the United States may oppose the defendant's sentencing recommendation based on those factors.

6

11. The United States and the defendant understand that the Court retains complete discretion to accept or reject the Guidelines stipulations provided for in paragraph 10. The defendant understands that, as provided in Fed. R. Crim. P. 11(c)(3)(B), if the Court does not impose a sentence consistent with the Guidelines stipulations contained in this Plea Agreement, it nevertheless has no right to withdraw its guilty plea.

## GOVERNMENT'S AGREEMENT

12. Upon the Court's acceptance of the guilty plea called for by this Plea Agreement and the imposition of sentence, the United States will not bring further criminal charges against the defendant for any act or offense committed before the date of this Plea Agreement that was undertaken in furtherance of the crimes arising from the facts set forth in the Indictment of December 5, 2007 and in this Plea Agreement ("Relevant Offense"). The nonprosecution terms of this paragraph do not apply to civil matters of any kind, to any violation of the federal tax or securities laws, or to any crime of violence.

13. The defendant understands that it may be subject to administrative action by federal or state agencies other than the United States Department of Justice, Antitrust Division, based upon the conviction resulting from this Plea Agreement, and that this Plea Agreement in no way controls whatever action, if any, other agencies may take.

## RESTITUTION

14. The defendant agrees to the entry of a restitution order for the full amount of the victims' actual losses pursuant to 18 U.S.C. §§ 3556, 3663A(c)(1)(A)(ii), and 3664(f)(1)(A), as determined by the Court at sentencing. The defendant agrees that its restitution obligation shall be joint and several with any other defendants ultimately convicted in this matter, if any, but that

the Court may apportion liability among defendants, pursuant to the procedures set forth in 18 U.S.C. § 3664, to reflect the level of contribution to the victims' losses and the economic circumstances of each defendant. The United States agrees not to oppose the imposition of a reasonable payment schedule, as directed by the Court after its review of the factors enumerated in 18 U.S.C. § 3664. The defendant further agrees that the Court shall maintain continuing supervisory authority over the restitution owed to the victims in this matter and, pursuant to 18 U.S.C. § 3664(k), the Court may adjust the payment schedule or apportionment of that restitution obligation in order to account for a material change in the defendant's economic circumstances or to ensure repayment of the victims' losses.

## REPRESENTATION BY COUNSEL

15. The defendant has been represented by counsel and is fully satisfied that its attorneys have provided competent legal representation. The defendant has thoroughly reviewed this Plea Agreement and acknowledges that counsel has advised it of the nature of the charges, any possible defenses to the charges, and the nature and range of possible sentences.

## VOLUNTARY PLEA

16. The defendant's decision to enter into this Plea Agreement and to tender a plea of guilty is freely and voluntarily made and is not the result of force, threats, assurances, promises, or representations other than the representations contained in this Plea Agreement. The United States has made no promises or representations to the defendant as to whether the Court will accept or reject the recommendations contained within this Plea Agreement.

## VIOLATION OF PLEA AGREEMENT

17. The defendant agrees that, should the United States determine in good faith, that the

defendant violated any provision of this Plea Agreement, the United States will notify counsel for the defendant in writing by personal or overnight delivery or facsimile transmission and may also notify counsel by telephone of its intention to void any of its obligations under this Plea Agreement (except its obligations under this paragraph), and the defendant shall be subject to prosecution for any federal crime of which the United States has knowledge including, but not limited to, the substantive offenses relating to the investigation resulting in this Plea Agreement. The defendant may seek Court review of any determination made by the United States under this paragraph to void any of its obligations under the Plea Agreement. The defendant agrees that, in the event that the United States is released from its obligations under this Plea Agreement and brings criminal charges against the defendant for any Relevant Offense, the statute of limitations period for such offense will be tolled for the period between the date of the signing of this Plea Agreement and six (6) months after the date the United States gave notice of its intent to void its obligations under this Plea Agreement.

18. The defendant understands and agrees that in any further prosecution of it resulting from the release of the United States from its obligations under this Plea Agreement, because of the defendant's violation of the Plea Agreement, any documents, statements, information, testimony, or evidence provided by it or current or former directors, officers, or employees of it to attorneys or agents of the United States, federal grand juries, or courts, and any leads derived therefrom, may be used against it in any such further prosecution. In addition, the defendant unconditionally waives its right to challenge the use of such evidence in any such further prosecution, notwithstanding the protections of Fed. R. Evid. 410.

## ENTIRETY OF AGREEMENT

19. This Plea Agreement constitutes the entire agreement between the United States and

9

the defendant concerning the disposition of the criminal charge in this case. This Plea Agreement cannot be modified except in writing, signed by the United States and the defendant.

20. The undersigned is authorized to enter this Plea Agreement on behalf of the defendant as evidenced by the Resolution of the Board of Directors of the defendant attached to, and incorporated by reference in, this Plea Agreement.

21. The undersigned attorneys for the United States have been authorized by the Attorney General of the United States to enter this Plea Agreement on behalf of the United States.

22. A facsimile signature shall be deemed an original signature for the purpose of executing this Plea Agreement. Multiple signature pages are authorized for the purpose of executing this Plea Agreement.

Dated: 11/21/2008

Respectfully submitted,

By: /s/
Mark W. Pletcher
John F. Terzaken
Portia R. Brown
Trial Attorneys
United States Department of Justice
450 Fifth Street N.W.; Suite 11300
Washington, D.C. 20530
Tel: (202) 307-6186

In my capacity as corporate representative and on behalf of the corporate entity, Aerocontrol Ltd., I have read this agreement and carefully reviewed every part of it with Aerocontrol's attorney. I understand it, voluntarily agree to it, and I do not wish to change any part of it. I am, moreover, completely satisfied with the representation of Aerocontrol's attorney.

27/10/08
Date

_____
Lynsey Caroline Elliott
Corporate Representative, Aerocontrol, Ltd.

I am Aercontrol's attorney. I have carefully reviewed every part of this agreement with it and its corporate representative, Lynsey Caroline Elliott. To my knowledge, its decision to enter into this agreement is informed and voluntary.

10-27-08
Date

_____
Raymond Granger, Esq.
Richard Levitt, Esq.
Counsel for Aerocontrol, Ltd.

## WRITTEN RESOLUTION OF THE MEMBERS OF AERO CONTROL LIMITED
### (the "Company")

We, the undersigned, being all of the members of the Company who, at the date of this resolution are entitled to attend and vote at General Meetings of the Company, hereby pass, pursuant to the Articles of Association of the Company, the following resolution and agree that the said resolution shall, for all purposes, be as valid and effective as if the same had been passed as an ordinary resolution at a general meeting of the Company duly convened and held.

**ORDINARY RESOLUTION**

(1) that any proposed authorisation by the Directors of the Company to the Company's retained counsel in U.S. v. AERO CONTROL, LTD. et al., District of Maryland Criminal Docket No. -07-CR-570 (WMN), namely:

Richard Ware Levitt, Esq.
Levitt & Kaizer
148 East 78th Street
New York, New York 10075
Work: (212)737-0400
Fax: (212)396-4152
rlevitt@richardlevitt.com; and

Raymond R. Granger, Esq.
Law Offices of Raymond R. Granger
757 Third Avenue, 7th Floor
New York, New York 10017
Tel: (212)688-1669
Fax: (212)688-1929
rgranger@rgranger.com

to enter on the Company's behalf a plea of guilty and to make such arrangements as they deem in their sole discretion are the best possible terms and conditions related to any fines or other criminal penalties which the Judge of the United States District Court may impose (including the execution of any plea agreement), be and is hereby approved.

(2) that any proposed authorisation by the Directors of the Company of Richard Ware Levitt to enter a plea of guilty on behalf of the Company, in court on October 30, 2008 in the matter styled as U.S. v. AERO CONTROL, LTD. et al., District of Maryland Docket No. 07-CR-570 (WMN) (or on any other date set by the Court for entry of said plea if the date for the plea is rescheduled) pursuant to the Federal Rules of Criminal Procedure (including the execution of any plea agreement), be and is hereby approved

..................................                ..................................
Christopher Carl Cartwright                        Paul Michael Wilkinson
Date: 13 Oct 2008                                  Date:

## WRITTEN RESOLUTION OF THE MEMBERS OF AERO CONTROL LIMITED
### (the "Company")

We, the undersigned, being all of the members of the Company who, at the date of this resolution are entitled to attend and vote at General Meetings of the Company, hereby pass, pursuant to the Articles of Association of the Company, the following resolution and agree that the said resolution shall, for all purposes, be as valid and effective as if the same had been passed as an ordinary resolution at a general meeting of the Company duly convened and held.

**ORDINARY RESOLUTION**

(1) that any proposed authorisation by the Directors of the Company to the Company's retained counsel in U.S. v. AERO CONTROL, LTD. et al., District of Maryland Criminal Docket No. -07-CR-570 (WMN), namely:

Richard Ware Levitt, Esq.
Levitt & Kaizer
148 East 78th Street
New York, New York 10075
Work: (212)737-0400
Fax: (212)396-4152
rlevitt@richardlevitt.com; and

Raymond R. Granger, Esq.
Law Offices of Raymond R. Granger
757 Third Avenue, 7th Floor
New York, New York 10017
Tel: (212)688-1669
Fax: (212)688-1929
rgranger@rgranger.com

to enter on the Company's behalf a plea of guilty and to make such arrangements as they deem in their sole discretion are the best possible terms and conditions related to any fines or other criminal penalties which the Judge of the United States District Court may impose (including the execution of any plea agreement), be and is hereby approved.

(2) that any proposed authorisation by the Directors of the Company of Richard Ware Levitt or Raymond R. Granger to enter a plea of guilty on behalf of the Company, in court on October 30, 2008 in the matter styled as U.S. v. AERO CONTROL, LTD. et al., District of Maryland Docket No. 07-CR-570 (WMN) (or on any other date set by the Court for entry of said plea if the date for the plea is rescheduled) pursuant to the Federal Rules of Criminal Procedure (including the execution of any plea agreement), be and is hereby approved

..................................
Christopher Carl Cartwright
Date:

..................................
Paul Michael Wilkinson
Date:

# AERO CONTROL LIMITED
# (the "Company")

Minutes of a meeting of the Board of Directors of the Company held at Link House, 8 Finch Road, Douglas, Isle of Man IM1 2PT on the 14th day of October, 2008 at 10 am

PRESENT:  Andrew Brian Byers
Lynsey Caroline Elliott

1. Quorum

   Mr Byers was appointed as Chairman of the meeting and it was noted that the meeting had been duly convened, was quorate and could proceed to business.

2. Purpose of Meeting

2.1 It was noted that the directors of the Company have received a copy of the indictment in U.S. v. AERO CONTROL, LTD. et al., District of Maryland Docket No. 07-CR-570 (WMN) . It was further noted that the shareholders of the Company, Paul Wilkinson and Christopher Cartwright, have entered guilty pleas and that the Company must either enter a plea of guilty or must try its case in the United States District Court.

   It was further noted that the directors of the Company had sought legal advice on matters of United States law from the Law Offices of Raymond R. Granger and had sought legal advice on matters of Isle of Man law from Dickinson Cruickshank. It was further noted that the directors had notified the Financial Supervision Commission of the Isle of Man (the "FSC") regarding the position of the Company.

   It was further noted that, based on the legal advice received, it would be difficult for the Company to separate itself from the guilty pleas entered by the shareholders of the Company.

   It was further noted that the shareholders of the Company had approved the authorisations proposed to be given by the directors at the Meeting.

3. Tabling of Documents

3.1 There was produced to the meeting a draft Plea Agreement.

3.2 The terms of the Plea Agreement were carefully considered and the contents of each document duly noted and the directors confirmed their full understanding of the effect and implications of the Plea Agreement for the Company and the nature of the transaction as a whole.

3.3 The Directors declared any interests which they had in the proposed transaction in accordance with section 148 of the Isle of Man Companies Act 1931 and the Company's Articles of Association.

4. Resolutions

After careful consideration of the relevant factors, **IT WAS RESOLVED** that the Company authorise its retained counsel in U.S. v. AERO CONTROL, LTD. et al., District of Maryland Criminal Docket No. -07-CR-570 (WMN), namely:

Richard Ware Levitt, Esq.
Levitt & Kaizer
148 East 78th Street
New York, New York 10075
Work: (212)737-0400
Fax: (212)396-4152
rlevitt@richardlevitt.com; and

Raymond R. Granger, Esq.
Law Offices of Raymond R. Granger
757 Third Avenue, 7th Floor
New York, New York 10017
Tel: (212)688-1669
Fax: (212)688-1929
rgranger@rgranger.com

to enter on the Company's behalf a plea of guilty and to make such arrangements as they deem in their sole discretion are the best possible terms and conditions related to any fines or other criminal penalties which the Judge of the United States District Court may impose (including the execution of any plea agreement). It is noted that in making this decision the board of directors has had an opportunity to confer with its own counsel.

IT WAS FURTHER RESOLVED that Richard Ware Levitt and/or Raymond R. Granger be and are hereby authorised to enter a plea of guilty on behalf of the Company, in court on October 30, 2008 in the matter styled as U.S. v. AERO CONTROL, LTD. et al., District of Maryland Docket No. 07-CR-570 (WMN) (or on any other date set by the Court for entry of said plea if the date for the plea is rescheduled) pursuant to the Federal Rules of Criminal Procedure (which authority extends to the execution of any plea agreement).

5. Close

There being no further business the meeting then closed.

..................
Chairman

14/10/08
Date